IN RE ESTATE OF HIRAM C. NICHOLS.

EUPHEMIA C. CRANDELL, EXECUTRIX, APPELLEE, V. JAMES W. NICHOLS ET AL., APPELLANTS.

FILED JANUARY 31, 1913.   No. 16,945.

1. **Wills:** CONSTRUCTION.   The will set out in the opinion construed, and *held* to vest in the widow of testator the use of the personal estate for life, with the right to consume the body of such estate, if reasonably necessary, in the protection and improvement of the real estate and for the support of herself and children.

2. **Executors and Administrators:** ACCOUNTING.   The use of the body of the personal estate by the widow, as shown in the opinion, approved.

APPEAL from the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE.   *Affirmed.*

*W. A. Stewart,* for appellants.

*E. A. Cook, contra.*

FAWCETT, J.

Hiram C. Nichols, a resident of Dawson county, died testate, leaving surviving him his widow, Euphemia C. Nichols (now Crandell), and a number of children, four of whom, James W., William E., Hiram C., and Roy, are appellants here. The inventory shows that the deceased left something over 700 acres of land, estimated to be worth $7,205, and personal property consisting of horses, cattle, farm implements, and cash aggregating $2,794.65. The will consists of two paragraphs as follows:

"First. I direct that all of my funeral charges and all of my debts be paid out of my personal property.

"Second. I give, devise and bequeath, to my dearly beloved wife, Euphemia C. Nichols, all of my property, both real and personal, wherever found, for and during her natural life, and at her death the remainder of the personal property, and all of the real estate shall vest in my children, share and share alike, and to them and their heirs and assigns forever. I also hereby appoint my wife, Euphemia C. Nichols, executrix of this my last will and testament, and request that no other bond be required of her as such executrix except her own personal obligations."

It is conceded by both sides that the only question involved here is the construction of the second paragraph of the will. The widow qualified as executrix and assumed the custody of the assets and control of the estate. It appears that several years after the death of Mr. Nichols the county court, evidently desiring to keep the records of his office in proper shape, called upon the executrix for a report. The report was furnished and is in the record. From this it appears that, after the death of Mr. Nichols, the executrix sold all of the personal property, and that her total receipts therefrom, including the cash on hand at the time of Mr. Nichols' death, amounted to $4,008.70. As against this she reports expenditures for doctor's bills, funeral expenses, court costs, monument, and other

9

sundry items, amounting to $855.60; for living expenses for herself and family during the first year after the death of Mr. Nichols, $849; cash paid for a team given to the son Roy, $235; harness for Roy, $45; team and harness given to the son Clinton (evidently Hiram C.), $275; team and harness given to the son William, $225; a piano to a daughter Hazel, $225; for lumber, making a well, and sundry items of repairs on the buildings, $712.65; for taxes and insurance upon both the real and personal property, $438.41; making a total amount expended by her of $3,860.66, leaving a balance of cash on hand of $148.04. The appellants appeared in the county court and objected to the report, basing their objection upon the second paragraph of the will, which they insist gave their mother a life estate only in both the real and personal property, and did not give her any right to consume the body of the personal estate or any part thereof. In other words, that if she converted any of the personal property into money she was bound by the terms of the will to preserve the whole of the fund intact. The county court construed the will otherwise, treated the report as a final report, approved it and discharged the executrix.

The district court, on appeal thereto, found that the will gave to appellee "all the personal property to be used by her as she should deem proper and necessary, and that she should not be required to account to the objectors (naming appellants) for the personal property or any part thereof, and that said objectors have no interest in any of said personal property left by the said Hiram C. Nichols, except such, if any, as may remain at the time of the death of the said petitioner Euphemia C. Crandell." The court further found that the report should be approved and the executrix discharged. A decree was entered in accordance with the above findings, and the objecting heirs appealed.

We think the construction given the will by the district court is sound. By the second paragraph the testator gives all of his property, both real and personal, to his

wife "for and during her natural life, and at her death the remainder of the personal property, and all of the real estate," shall be vested in the children, share and share alike. It seems clear to us that the intention of the testator was that the real estate should be preserved intact, and at his death should "all" go to his children, but that, as to the personal property, only such portion thereof should go to the children as remained at the death of his wife, their mother. The word "remainder" has no application to what is left after a compliance with the first paragraph of the will, viz., the payment of the funeral charges and debts. It is clear that it applies to the time of the decease of the testator's wife. The words, "at her death the remainder of the personal property, and all of the real estate shall vest" in the children, are susceptible to no other construction than that put upon them by the district court.

AFFIRMED.